IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
File No. 4:98-CV-73-H3

| | |
|---|---|
| DEBRA MORRIS BUTLER,<br>    Plaintiff<br><br>v.<br><br>SMITHFIELD FOODS,<br>INCORPORATED,<br>    Defendant | PLAINTIFF'S RESPONSE IN<br>OPPOSITION TO DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

The defendant has submitted a motion for summary judgment in this case. The plaintiff hereby submits the following memorandum in opposition to that motion for summary judgment along with the items she has filed with the Court. The plaintiff contends that the defendant is not entitled to summary judgment in this case.

## STATEMENT OF THE FACTS

The plaintiff contends that the following facts, taken in a light most favorable to the plaintiff, are relevant in respect to this case.

1. The plaintiff herein, Debra Morris Butler, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against the defendant herein, Smithfield Foods, Inc., on or about April 25, 1997. This Charge of Discrimination was brought pursuant to the requirements of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. 2000e et. seq.

2. This Charge of Discrimination contended that Smithfield Foods had discriminated against the plaintiff during her employment with the defendant on the basis of sex(female). (Charge of Discrimination EEOC form 5)

3. On April 30, 1997 a complaint was filed by Ms. Butler against Smithfield Foods, Inc., under the Fair Labor Standards Act(hereinafter referred to as "the Act"). Specifically, the complaint



sought damages based upon an amount of unpaid overtime compensation pursuant to Title 29 U.S.C. section 216(d) and under North Carolina General Statute section 95-25.22. Further, the complaint contended that Smithfield Foods, Inc. had retaliated against Ms. Butler for filing this Complaint in violation of the Act.

4. On or about September 15, 1997 the plaintiff filed an amended complaint. This amendment contended that due to the defendant's continued retaliation Ms. Butler was forced to leave her employment with Smithfield Foods, Inc. which resulted in further compensable damages.

5. On or about November 17, 1997 the plaintiff responded to a request by T.M. Colclough, Senior Investigator, EEOC and mailed to him three duplicate originals of the Charge of Discrimination as well as the original affidavit executed by Ms. Butler. This was followed by the plaintiff's request for a Notice of Right to Sue on January 28, 1998 and the receipt of the requested Right to Sue by Ms. Butler on February 12, 1998.

6. On or about February 25, 1998 the plaintiff received from the defendant an Offer of Judgment for Ms. Butler's cause of action under the FLSA (hereinafter referred to as *Butler I*). After a dispute between the parties concerning its entry, this was followed by an Order directing entry of the Offer of Judgment on May 21, 1998 by the Court.

7. On or about May 11, 1998 the plaintiff filed a complaint pursuant to her Notice of Right to Sue letter issued by the EEOC contending that Smithfield Foods, Inc. had discriminated against her on the basis of sex (female). Damages requested were based upon harm to Ms. Butler due to great emotional and mental stress, her forced resignation, and financial loss.

## ARGUMENT

The defendant contends that they are entitled to summary judgment in this matter for the following reasons:

1. Defendant contends that Ms. Butler's suit is barred by the doctrine of claim preclusion or *res judicata*.

2. Defendant contends that Ms. Butler's inability to prosecute her Title VII claim in conjunction with her FLSA claim is no defense to the use of claim preclusion to bar her pursuit of this cause of action.

The plaintiff will address these arguments in order.

## I. Standard of Review

The Court, on reviewing a motion for summary judgment, generally must apply a standard of review which considers the facts, of a material nature, in the light most favorable to the non-moving party. To prevail on a motion for summary judgment, the defendant must demonstrate the absence of a genuine issue of material fact such that it is entitled to judgment as a matter of law. Anderson v Liberty Lobby, Inc. 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). To determine whether a material fact exists: 1) All evidence is construed in light most favorable to the non-moving party (plaintiff); and 2) All reasonable inferences from the proffered evidence are drawn in favor of the plaintiff. Celotex Corp. v Catrett 177 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L.Ed. 2d 265 (1968).

The plaintiff's version of the facts, rather than that of the defendant, must be accepted as true. Simmons v Benjamin 77 F. 3d 756 (4th Cir. 1996). Plaintiff's burden does not require her to establish that she should prevail on any issue, but only to show that the issue exists. Westover Products, Inc. v Gateway Roofing Company, Inc. 94 N.C. App. 63, 667, 388 S.E. 2d 369, 372 (1989). It is for the jury to determine what conclusions should be drawn from the evidence and determine whom or what to believe.

## II. The Application of *Res Judicata* to this Matter

The doctrine of *res judicata* seeks to prevent the re-litigation of "claims which were or could have been raised in an earlier suit where a final judgment on the merits was reached." Paragon Services, Inc. v. Hicks, 843 F. Supp. 1077 (EDVa. 1994). The elements required for a moving party to establish *res judicata* are "1) a final judgment on the merits in an earlier suit; 2) an identity of the cause of action in both the earlier and later suit; and 3) an identity of parties or their privies in two suits." Id. at 1079. The defendant in its brief, contends that the present claim is barred by *res judicata*, first because of the preclusive effect of the Offer of Judgment in *Butler I* and second, because there is an identity of the cause of action in both the earlier and later suits.

The plaintiff contends that the Offer of Judgment entered by the Court in *Butler I* bears no weight towards the Court's decision of whether to invoke the doctrine of *res judicata* in this matter. Specifically, the language of the offer of judgment entered in *Butler I* reveals nothing concerning the parties' intent to litigate the pending discrimination claim of *Butler II* which both parties had knowledge thereof at the time of the agreement. Further, the plaintiff contends that a decision by this Court not to invoke *res judicata* to bar the plaintiff's present claim would in no way "ignore the plain language of the offer and by judicial fiat bind Smithfield to a contract not of its making." (Defendant's Motion for Summary Judgment, p. 7). As expressed in Keith v. Aldridge, 100 F. 2d 736, (C.A.4 (Va.) 1990)

> [w]hen a consent judgment entered upon settlement by the parties of an earlier suit is invoked by a defendant as preclusive of a later action, the preclusive effect of the earlier judgment is determined by the intent of the parties.... This approach, following from the contractual nature of consent judgments, dictates application of contract interpretation principals to determine the intent of the parties. If the parties intended to foreclose through agreement litigation of a claim, assertion of that claim in a later suit, whether or not formally presented in the earlier action, is precluded.... Claim preclusion will not apply, however, if the parties intended to settle only one part of a single claim and intended to leave another part open for future litigation.

Id at 741 (citations omitted)

-4-

In this case, the Offer of Judgment drafted and presented to the plaintiff by the defendant stated in pertinent part:

> Defendant offers to allow judgment to be taken against it in **this action** by plaintiff, Debra Morris Butler, in the total gross amount of $12,500.00. This amount includes all costs and reasonable attorney's fees accrued as of the date of this offer. This Offer of Judgment is made for purposes specified in Rule 68 and is not to be construed either as an admission that defendant is liable in **this action** or that plaintiff has suffered any damage (emphasis added).

The language of the defendant's Offer of Judgment contains no implication as to the party's intent to allow or preclude Ms. Butler's pending discrimination claim. All parties were fully aware of its existence at the time of the offer which the defendant's drafted. The letter from the plaintiff to the defendant in response to Smithfield's Offer of Judgment illustrates the party's knowledge of the discrimination claim as well as the plaintiff's intent to file a Federal Court complaint alleging discrimination and consolidating the two cases if necessary (attached hereto as Exhibit No. 1). Contrary to an Offer of Judgment which expressly precludes future litigation or allows a plaintiff to split a claim, this agreement does neither. Therefore, the expressed language of the defendant's offer of judgment has no affect upon the issue of whether *res judicata* applies in this matter and a decision by the Court that the claim is not precluded will not "bind Smithfield to a contract not of its making." (Defendant's Motion for Summary Judgment, p. 7).

The defendant next contend that the doctrine of *res judicata* applies in this matter because *Butler I* and *Butler II* constitute the same cause of action. The plaintiff contends that the material facts in *Butler II* are not the same "operative facts" at issue in *Butler I*. Keith, 900 F. 2d at 740 (quoting Re-statement (2nd) of Judgments Section 24, Comment B).

The Fourth Circuit has adopted "a transactional approach to that entity of claims questioned...." Keith, 900 F. 2d at 740. As the Court in Hartman v. Villman, 800 F. 2d 1308 (C.A.

4 (Va) 1986) expressed, "... the appropriate inquiry is whether the new claim arises out of the same transaction of series of transactions as the claim resolved by the prior judgment." Id. at 313. However, the Court in Aliff v. Joy Mfg. Co., (C.A. 4 (W. Va.) 1990) after acknowledging the use of the transactional approach in Harnette further stated "...[t]here is no simple test to determine what constitutes the same cause of action for *res judicata* purposes. Each case presents different facts that must be assessed within the conceptual framework of the doctrine." Id. at 41. In this case, the underlying material facts in each cause of action are not the same and cannot be said to have forced the defendant to litigate the same factual issues.

Under the FLSA claim in *Butler I*

[i]n order to recover, an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference... [A] plaintiff must also show that he was "employed" by the defendant/employer in order to prove a violation... Therefore, in order to prove that he is "employed" for purposes of the Act, it is necessary for a plaintiff to show that his employer had knowledge, either actual or constructive, of his overtime work.

Davis v. Foodlion, 792 F. 2d 1274 (C.A. 4 (Va) 1986) (citations omitted).

Thus, the material facts in *Butler I* surrounded the issues concerning whether Ms. Butler 1) worked overtime hours; 2) was compensated for this work by the defendant; and 3) whether Smithfield Foods, Inc. had knowledge of this overtime work performed by the plaintiff. During the deposition of Ms. Butler on November 25, 1997, the scope of *Butler I* was made very clear by the defendant's counsel during his questioning of the plaintiff. This is illustrated by the following exchange:

QUESTION: What did you tell Mr. Lopez about your concerns?

ANSWER: I told him we where treated – I was treated very differently than the male population and Smithfield Packing, that I was treated non-professional, that I had not been paid correctly. Told him a lot. I told him that rules were handled differently for some than others.

> QUESTION: We're here today to talk about your pay, so let's just focus in on that aspect of your conversation with Mr. Lopez. What did you tell Mr. Lopez about your pay?

(Deposition of Debra Morris Butler on November 25, 1997, p. 65).(attached hereto).

This exchange between the defendant and plaintiff illustrates the scope of the FLSA claim pertaining to the pay of Ms. Butler during her employment with Smithfield Foods and not encompassing material facts concerning the defendant's discrimination against the plaintiff based on sex. Under Title VII,

> "[i]n order to establish a prima facie case of *quid pro quo* sexual harassment, a plaintiff must show: (1) the employee belongs to a protected group; (2) the employee was subject to unwelcome sexual harassment; (3) the harassment complained of was based on sex; (4) the employee's reaction to the harassment affected tangible aspects of the employee's compensation, terms, condition, or privileges of employment; and (5) the employer knew or should have known of the harassment and took no effective remedial action.

Reinhold v. Com. of Virginia, 135 F. 3d 920 (C.A. 4 (VA) 1998). (citations omitted).

Therefore, the material facts surrounding the issues of concern in *Butler II* focus upon conduct by Smithfield Foods towards the plaintiff which constitutes sexual harassment, Ms. Butler's reaction to that harassment, and the extent of the defendant's knowledge of the sexual harassment. In this light, the operative facts between the two claims are not the same and there is no overlap of litigation between the parties. Therefore, because there is no identity between the cause of action in *Butler I* and *Butler II*, the doctrine of *res judicata* does not apply in this case.

### III. There Was No Fair Opportunity to Advance *Butler II* During the Litigation of *Butler I*.

As the Court in Dionne v. Mayor and City Counsel of Baltimore, 40 F. 3d 677 (C.A. 4) (M.D. 1994) expressed:

> [m]any of the traditional principals of claim preclusion are the same as those of issue preclusion. Both doctrines "relieve parties of the cost and vexation of multiple

> lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.... But claim preclusion is the much more drastic doctrine, for it achieves these goals by forcing a plaintiff to raise all possible theories of recovery and to demand all desired remedies in one proceeding at peril of losing all not raised in it.... Precisely because of this drastic consequence, a critical predicate for applying claim preclusion is that the claimant shall have had a fair opportunity to advance all its "same transaction" claims in a single unitary proceeding.

Id. at 683 (citations omitted).

In this case, due to the particular circumstances surrounding the adjudication of *Butler I*, the plaintiff was not given a fair opportunity to consolidate the two claims and move forward under a single proceeding.

Given the course of events throughout the proceedings of *Butler I* and *Butler II*, the plaintiff has acted with due diligence in bringing about a settlement in *Butler I* and pursuing redress for violations of Title VII by the defendants in *Butler II*. Specifically, at all times during these proceedings, the plaintiff has properly acted within the confines of procedure to exhaust all administrative remedies concerning the discrimination charge and thereafter, filing a civil lawsuit based upon the same claim. In addition, concerning the filing of *Butler I*, the plaintiff found herself under the constraint of a two (2) year statue of limitation if the defendants' violation proved not to be willful. Therefore, Mrs. Butler made the reasonable decision to file her claim in regard to pay, knowing that the discrimination charge with the EEOC must await their procedure before a Federal Complaint would be filed and Motions pled to consolidate the two cases.

Further, the plaintiff's discrimination charge was initially filed with the EEOC in accordance with Title VII and the rules contained therein. This claim was filed while Ms. Butler was still employed by Smithfield Foods. Later, the discrimination charge filed by the plaintiff with the EEOC was amended. This amendment reflected Ms. Butler's forced resignation. This change in

circumstances required the plaintiff to amend her charge with the EEOC in order to preserve this issue for the pending future lawsuit. The defendant was fully aware of this pending claim when they made their Offer of Judgment. In fact, as the plaintiff's response to the Offer of Judgment in their March 2, 1998 letter indicates, the defendant was also aware of the plaintiff's intention to file a Federal Court complaint alleging discrimination as well as motions to facilitate the consolidation of the two cases if necessary.

The plaintiff received her Notice of Right to Sue from the EEOC concerning the discrimination claim allowing her to proceed to a civil court on February 12, 1998. Thereafter, on February 24, 1998 the plaintiff received defendant's offer of judgment. This represents nine (9) working days between the plaintiff receiving her Notice of Right to Sue from the EEOC and the defendant's offer of judgment. The plaintiff contends that not proceeding with her discrimination claim in a civil court during this period of time is not evidence of a lack of due diligence. Further, once the offer of judgment was received, the plaintiff acted with due diligence and ultimately brought about the settlement of *Butler I*. After prevailing over the defendant's objection to Ms. Butler's acceptance of the offer of judgment, the Court in *Butler I* entered an entry of judgment on May 21, 1998.

Due to this series of events and specifically because of the Offer of Judgment, the plaintiff neither filed a Federal Court complaint alleging discrimination nor moved for consolidation of the two cases during the life of *Butler I*. However, the plaintiff did at all times act with due diligence and within the confines of the Rules of Title VII concerning the discrimination charge, when the settlement was achieved in *Butler I*, and ultimately the discrimination charge being properly filed and presented for adjudication to this Court. Therefore, because under these specific circumstances, the plaintiff did not have a fair opportunity to advance her discrimination claim in a civil court

during the life of *Butler I*, the doctrine of *res judicata* should not apply to bar Ms. Butler's pursuit of this claim.

## IV. Conclusion

For the above stated reasons, and based upon the submissions provided to the Court, the plaintiff contends that the doctrine of *res judicata* does not apply under the circumstances of this case. Specifically, as to the three elements of claim preclusion, the plaintiff contends that there is no identity of a cause of action between *Butler I* and *Butler II*. There is no overlap of material facts between the claims. The two claims do not rely upon the same operative facts and therefore, do not stem from the same transaction or series of transactions. Further, the plaintiff also contends that the attempt by the defendant to invoke the language of the Offer of Judgment in *Butler I* to preclude the discrimination claim under *Butler II* is without merit. The specific language as drafted by the defendant in this Offer of Judgment sheds no light upon the issue of what either parties' intent was concerning the discrimination charge in this proceeding. Therefore, the Offer of Judgment in this regard bears no significance to the issue of whether *res judicata* should apply in this case. Also, the plaintiff contends that she acted at all times with due diligence in procuring the settlement of *Butler I* and proceeding forward with the civil claim in *Butler II*. Specifically, all decisions made by the plaintiff concerning her discrimination charge with the EEOC were in accordance with all rules and regulations governing the exhaustion of administrative remedies before this charge could be brought to a court of law. Further, all parties were aware of the pending Federal Court complaint and the plaintiff's intention to consolidate the claims when necessary. Therefore, it cannot now be said that the plaintiff had a fair opportunity to consolidate the claims during the life of *Butler I* when its settlement precluded this from occurring. The doctrine of *res judicata* should not apply in this circumstance and Ms. Butler should be allowed to pursue her claim in this Court.

Respectfully submitted this the 17th day of December, 1998.

                                                              DAVID P. VOERMAN
                                                              Attorney for Plaintiff

                                          _____
                                          DAVID P. VOERMAN
                                          50 Shoreline Drive
                                          Post Office Box 12485
                                          New Bern, NC 28561-2485
                                          Telephone: (252) 638-5611
                                          Facsimile: (252) 638-6958

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was served upon counsel of record for the defendant by depositing the same in a properly addressed and postpaid wrapper in an official depository under the exclusive care and custody of the United States Postal Service, New Bern, North Carolina and addressed to:

    Michael C. Lord
    Joel H. Katz
    Maupin Taylor & Ellis, P.A.
    Post Office Drawer 19764
    Raleigh, North Carolina 27619-9764

This the 19th day of December, 1998.

                DAVID P. VOERMAN
                Attorney for Plaintiff

                _____
                DAVID P. VOERMAN
                50 Shoreline Drive
                Post Office Box 12485
                New Bern, NC 28561-2485
                Telephone: (252) 638-5611
                Facsimile: (252) 638-6958

# DAVID P. VOERMAN
Attorney at Law
50 Shoreline Drive
Post Office Box 12485
New Bern, North Carolina 28561-2485

Telephone (919) 638-5611        Facsimile (919) 638-6958

March 2, 1998

**Via Facsimile (919) 981-4300**

Mr. Joel H. Katz
Maupin Taylor & Ellis, P.A.
Post Office Drawer 19764
Raleigh, NC 27619-9764

    Re:    **Debra Butler v. Smithfield Foods, Incorporated**
            **Civil Action No. 4-97-CV-85-BO2**
            **Your File No. 5838.040**

Dear Joel:

       As I indicated to you on the telephone today, I cannot agree to your motion to amend your answer in this case. When you file the motion, I will file an appropriate response.

       As I also indicated to you, we have recently received a Right to Sue Letter with regard to Ms. Butler's discrimination case. I have not prepared the Federal Court Complaint, but I am in the process of being to do so. It is our intention to file the Federal Court Complaint alleging discrimination and, if necessary, file appropriate motions concerning consolidation of the two cases.

       While I was gone, I know that I received an Offer of Judgment from you. That offer was for $12,500.00. Please be advised that I can make the following counter-offer concerning both of Ms. Butler's cases:

1. We will settle the present case for the total sum of $25,000.00. In light of the attorney fees that she has accumulated, we believe this is a reasonable settlement offer. If we are able to agree about the amount, we will tell you what amount we would like delineated as attorney's fees in the case.

2. In addition, I have authority to settle the discrimination case, at this time, prior to the time that we have to prepare the complaint and file the case, for the sum of $25,000.00 also.

Mr. Joel H. Katz
March 2, 1998
Page 2

  Therefore, we can offer you a total settlement of $50,000.00 for both cases or $25,000.00 for the present case and $25,000.00 for the other case. Please advise me of what your client's position is in respect to these offers as soon as you possibly can.

  In the meantime, I thank you in advance for your time and cooperation and I remain,

        Very truly yours,

        David P. Voerman

DPV/dhs

cc: Debra Morris Butler

In the United States District Court
For the Eastern District of North Carolina
Eastern Division
Civil Action No. 4-97-CV-85-H(2)

Debra Morris Butler,         )
                             )
            Plaintiff,       )
                             )
    vs.                      )
                             )
Smithfield Foods,            )
Incorporated,                )
                             )
            Defendant.       )
- - - - - - - - - - - - - - -)

Deposition
of
Debra Morris Butler


Raleigh Reporting Service

In Raleigh, North Carolina
November 25, 1997
9:25 a.m. to 3:01 p.m.
Reported by:  F. M. Harvey

(919) 834-8777   Post Office Box 25186   Raleigh, North Carolina 27611

| | Ms. Butler | Direct | Page 65 |
|---|---|---|---|

1
2  A  Luis.
3  Q  What did you tell Mr. Lopez about your concerns?
4  A  He called Angela in the office, myself in the office,
5     and Cindy on separate occasions and asked us about
6     concerns we had.
7  Q  What did you tell Mr. Lopez about your concerns?
8  A  I told him we were treated--I was treated very
9     differently than the male population at Smithfield
10    Packing, that I was treated nonprofessional, that I
11    had not been paid correctly. Told him a lot. I told
12    him that rules were handled differently for some than
13    others.
14 Q  We're here today to talk about your pay, so let's
15    just focus in on that aspect of your conversation
16    with Mr. Lopez. What did you tell Mr. Lopez about
17    your pay?
18 A  That we were classified as exempt employees but that
19    we were handled differently than the male exempt
20    employees. We were paid differently, and rules were
21    applied to us differently.
22 Q  Specifically with your pay, what remedy did you want?
23 A  To be treated fairly was the first remedy.
24 Q  What would be fair?
25 A  To be treated the same.

